[50 NYS3d 165]

In the Matter of GREGORY X. HESTERBERG (Admitted as GREGORY XAVIER HESTERBERG), an Attorney, Respondent.

Second Department, April 19, 2017

**APPEARANCES OF COUNSEL**

*Mitchell T. Borkowsky*, Hauppauge (*Robert H. Cabble* of counsel), for Grievance Committee for the Tenth Judicial District.

*McDonough & McDonough, LLP*, Garden City (*Chris McDonough* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent, Gregory X. Hesterberg, admitted as Gregory Xavier Hesterberg, has submitted an affidavit sworn to on December 7, 2016, in support of his application to resign as an attorney and counselor-at-law (*see* 22 NYCRR 1240.10).

The respondent acknowledges in his affidavit that he is the subject of an investigation by the Grievance Committee for the Tenth Judicial District involving allegations of professional misconduct, which include the "misapplication of escrow funds and failure to account." The respondent avers that he cannot successfully defend himself against the allegations based upon the facts and circumstances of his professional conduct. The respondent further acknowledges that his resignation is freely and voluntarily tendered; that he is not being subjected to coercion or duress by anyone; and that he is fully aware of the implications of submitting his resignation, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.

As to the issue of restitution, the respondent consents to the entry of an order by the Court, pursuant to Judiciary Law § 90 (6-a), directing that he make monetary restitution to the estate of Grace Gendus, and the estate of John Brancaccio. The respondent also acknowledges that the resignation is submitted subject to any future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90 (6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and that he consents to the Court's continuing jurisdiction to make such an order.

The respondent also acknowledges and agrees that pending the issuance of this order accepting his resignation, he would not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.

Lastly, the respondent acknowledges that in the event that the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the

aforementioned charges and allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90 (10).

The Grievance Committee has submitted papers in response, and defers to the Court's discretion in determining whether to grant the respondent's application.

Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.

Ordered that the application of Gregory X. Hesterberg, admitted as Gregory Xavier Hesterberg, to resign as an attorney and counselor-at-law is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Gregory X. Hesterberg, admitted as Gregory Xavier Hesterberg, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Gregory X. Hesterberg, admitted as Gregory Xavier Hesterberg, shall comply with the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Gregory X. Hesterberg, admitted as Gregory Xavier Hesterberg, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that the respondent, Gregory X. Hesterberg, admitted as Gregory Xavier Hesterberg, shall make monetary restitution to the estate of Grace Gendus, in the amount of $112,000, and to the estate of John Brancaccio, in the amount of $20,000, pursuant to Judiciary Law § 90 (6-a); and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the respondent, Gregory X. Hesterberg, admitted as Gregory Xavier Hesterberg, shall reimburse the Lawyers' Fund for Cli-

ent Protection of the State of New York for any awards made to the estate of Grace Gendus or the estate of John Brancaccio; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), this order may be entered as a civil judgment, and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by the party to whom payments are due hereunder in the amount set forth herein, minus any amount reimbursed by the Lawyers' Fund for Client Protection or by the Lawyers' Fund for Client Protection when it has been subrogated to the rights of such party; and it is further,

Ordered that if Gregory X. Hesterberg, admitted as Gregory Xavier Hesterberg, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).